# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 15-cv-61741-BLOOM/Valle

TYR TACTICAL, LLC,

      Plaintiff,

v.

PROTECTIVE PRODUCTS ENTERPRISES, LLC,
and POINT BLANK ENTERPRISES, INC.,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Defendants' Motion to Amend Final Judgment to Include Prejudgment Interest, ECF No. [120] (the "Motion"). The Court previously granted summary judgment in favor of Defendants and entered final judgment on October 13, 2016. *See* ECF Nos. [84] and [85]. The Court's summary judgment decision was affirmed on appeal. *See* ECF No. [103]. Following the issuance of the Mandate, Defendants renewed their Motion for Attorney's Fees and Costs, which was referred to Judge Valle for a Report and Recommendation. *See* ECF Nos. [104], [112], and [115]. The Court thereafter adopted Judge Valle's Report and Recommendation and awarded Defendants $974,293 in attorney's fees and $36,193.66 in taxable costs for a total award of $1,010,486.66. *See* ECF No. [119]. The Court also entered an Amended Final Judgment reflecting the amount of this award. *See* ECF No. [118].

Now, Defendants ask the Court to amend the Amended Final Judgment to include prejudgment interest in the amount of $79,654.31, dating back to the date of the original

judgment on October 13, 2016 through the date of the amended judgment on April 26, 2018. *See* ECF No. [120]. Defendants computed this sum pursuant to Florida Statute § 55.03. *Id.* at [120-1]. Plaintiff objects to the addition of pre-judgment interest and instead argues that Defendants are entitled only to post-judgment interest from the date of the original judgment, October 3, 2016, as provided in 28 U.S.C. § 1961. *See* ECF No. [121].

The parties' dispute centers on whether Defendants are entitled to prejudgment interest or post-judgment interest from October 13, 2016 to April 28, 2018. "In a diversity case we follow the state law governing the award of [prejudgment] interest." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (alteration in original) (quoting *Royster Co. v. Union Carbide Corp.,* 737 F.2d 941, 948 (11th Cir.1984)). On the other hand, "[i]n awarding post-judgment interest in a diversity case, a district court looks to federal law, applying the federal interest statute, 28 U.S.C. § 1961(a), not the state interest statute applied for determining prejudgment interest." *Bryant Motors, Inc. v. Blue Bird Body Co.*, No. 5:06-CV-353(CAR), 2009 WL 1796001, at *3 (M.D. Ga. June 22, 2009). Therefore, the threshold question in this diversity case is whether Defendants' award of attorney's fees and costs involves a question of prejudgment interest under Florida statute § 55.03 or post-judgment interest under 28 U.S.C. § 1961. The Florida Supreme Court squarely addressed whether an award of attorney's fees allows for prejudgment interest in *Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930 (Fla. 1996). Resolving a conflict among Florida's district courts, the Florida Supreme Court rejected the contention that an award of attorney's fees is a litigation cost subject only to post-judgment interest. *Id.* Instead, it held that prejudgment "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination,

even though the amount of the award has not yet been determined." *Id.* at 931; *see also Trial Practices, Inc. v. Hahn Loeser & Parks, LLP*, 228 So. 3d 1184, 1193 (Fla. 2d DCA 2017) (finding that prejudgment interest on attorney's fees awarded pursuant to a prevailing party contractual fee provision should be affixed on the date the prevailing party status is determined).

This Court followed the holding of *Higley* in a recent diversity case, granting a request for prejudgment interest on an award of attorney's fees and costs entered pursuant to Florida Statute § 501.2105. *See Alhassid v. Nationstar Mortg., LLC*, No. 14-CV-20484, 2016 WL 9444260, at *1 (S.D. Fla. Sept. 2, 2016), *aff'd sub nom. Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753 (11th Cir. 2017) ("In light of the Florida Supreme Court's decision in *Higley*, the Court finds that Plaintiff is entitled to pre-judgment interest on its award of attorney's fees and costs."). This line of cases equally applies to Defendants' award of attorney's fees.

In its Response, Plaintiff argues that Eleventh Circuit case law allows for post-judgment interest, instead of prejudgment interest, on an award of attorney's fees and costs. *See* ECF No. [121]. In support of its argument, however, Plaintiff does not cite to any decisions granting post-judgment interest on attorney's fees in a diversity action under Florida law. Instead, Plaintiff relies on cases involving awards of attorney's fees made pursuant to Georgia law, federal law, or as a sanction under the Federal Rules of Civil Procedure. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994) (finding that post-judgment interest should accrue on attorney's fees awarded as a sanction under Federal Rule of Civil Procedure 37); *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (concluding that, in an age-discrimination lawsuit, post-judgment interest should accrue on attorney's fees awarded under 29 U.S.C. § 623(a)(1)); *Bryant Motors, Inc. v. Blue Bird Body Co.*, No. 5:06-CV-

353(CAR), 2009 WL 1796001, at *3 (M.D. Ga. June 22, 2009) (applying Georgia law to questions of post-award, pre-judgment interest). None of these cases stand for the proposition that post-judgment interest should accrue on attorney's fees awarded under Florida law in a diversity action. As such, these cases are inapposite. In Florida Supreme Court precedent, as the Court must do in a diversity action, it concludes that Defendants are entitled to prejudgment interest on their award of attorney's fees from October 16, 2016 until April 28, 2018.

Plaintiff raises a valid point to the extent that an award of prevailing party costs under 28 U.S.C. § 1920 requires only post-judgment interest.[1] *See Mock*, 456 F. App'x at 803 *(*"Without question, interest on taxable costs accrues from the date of the original damages judgment."); *BankAtlantic*, 12 F.3d at 1052 ("Supreme Court and this circuit's precedent is clear: 'When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.'"); *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir.1988) ("Although there is conflicting law in the Eleventh Circuit on this question, we conclude that when a district court awards costs to a prevailing party, the award bears interest from the date of judgment."); *Lane v. Capital Acquisitions & Mgmt. Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) ("The Eleventh Circuit allows an award of interest on taxed costs, with the interest calculated pursuant to the provisions of Title 28 U.S.C. § 1961(a).")*.* Here, Defendants were not awarded costs as a prevailing party under Florida law. The Court specifically rejected Defendants' argument that the contractual prevailing party provision allowed for an award of non-taxable costs. *See* ECF Nos. [117] at 32-35; ECF No. [119]. The Court instead awarded

---

[1] Although the Court allowed prejudgment interest on costs in *Alhassid*, those were awarded under Florida substantive law, § 501.2105, and not under 28 U.S.C. § 1920. *See Alhassid*, 2016 WL 9444260, at *1.

Defendants their taxable costs pursuant to 28 U.S.C. § 1920. *See* ECF No. [117] at 28-32; ECF No. [119]. For that reason, Defendants are entitled to receive post-judgment interest on their taxable costs from October 13, 2016 to April 28, 2018. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Amend Final Judgment to Include Prejudgment Interest, **ECF No. [120]**, is **GRANTED in part** and **DENIED in part**. Defendants are entitled to prejudgment interest on their award of attorney's fees and post-judgment interest on their award of costs from October 13, 2016 until April 28, 2018. The parties shall confer and file a joint notice computing the amounts of pre and post-judgment interest due consistent with this Order along with a proposed Second Amended Final Judgment no later than **June 15, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5